UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO,<br><br>        Plaintiff,<br>v.<br>MELTON, et al,<br><br>        Defendants. | Case No.: 15-cv-2069-JAH-MDD<br><br>**ORDER:**<br><br>**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS AMENDED;**<br><br>**(2) SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS;**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Pending before the Court is H. Melton, J. Chau M.D., M. Glynn, S. Roberts, M.D., and J. Lewis' (collectively "Defendants") Motion for Summary Judgment. [Doc. No. 59]. The Honorable Clinton E. Averitte, United States Magistrate Judge, issued a report and recommendation ("Report") recommending the Court grant in part and deny in part

1

Defendants' Motion for Summary Judgment. See Doc. No. 103. After careful consideration of the pleadings, and for the reasons set forth below, this Court **OVERRULES in part and SUSTAINS in part** Defendants' objections, **ADOPTS** the magistrate judge's Report as amended, and **GRANTS** in part and **DENIES** in part Defendants' motion for summary judgment.

## BACKGROUND[1]

Plaintiff, a state prisoner proceeding pro se, originally filed a complaint pursuant to 42 U.S.C. § 1983 on September 16, 2015. Doc. No. 1. Following this Court's order dismissing the complaint with leave to amend for failure to state a claim, Plaintiff filed a First Amended Complaint ("FAC") on May 25, 2016, alleging Defendants violated his Eighth Amendment rights, the American with Disabilities Act ("ADA"), and his procedural due process. See Doc. No. 12. On September 1, 2017, Defendants filed this Motion for Summary Judgment. Doc. No. 59. On August 23, 2018, the Honorable Clinton E. Averitte, United States Magistrate Judge, issued a report and recommendation ("Report") recommending the Court deny Defendants' motion for summary judgment as to the Eighth Amendment deliberate indifference claim against Melton, and grant Defendants' motion as to all other claims. See Doc. No. 103. Plaintiff filed no objections. Defendants' filed timely objections to the Report. See Doc. No. 104.

## DISCUSSION

I. **Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

---

[1] The underlying facts set forth in the magistrate judge's report, to which Defendants present no objection, are adopted in toto, and referenced as if fully set forth herein.

recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See Fed. R. Civ. P. 72(b). It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

## II. Analysis

### a. Magistrate Judge's Recommendation

The magistrate judge recommended that this Court grant in part and deny in part Plaintiff's Motion for Summary Judgment. See Doc. No. 103. The magistrate judge found that a reasonable fact finder could conclude that Melton was deliberately indifferent to Plaintiff's serious medical needs when she withheld his epilepsy medicine on July 22, 2014. Id. In addition, the magistrate judge determined that Melton is not entitled to qualified immunity because the "refusal of prescribed epilepsy medication can be a violation of a clearly established constitutional right . . . ." Id. (citing Jones v. Faulkner Cty., 609 F. App'x 898, 900 (8th Cir. 2015)). The magistrate judge held that Defendants Chau, Roberts, Glynn, and Lewis were entitled to summary judgment as to Plaintiff's Eighth Amendment deliberate indifference claims because they were protected by qualified immunity. Id. In terms of Plaintiff's ADA claims, the magistrate judge found that Plaintiff failed to provide sufficient evidence to show that he was "denied the benefits of [a] program solely and intentionally" because of a disability." As such, the Report recommends granting Defendants' summary judgment as to Plaintiff's ADA claims. Id. Finally, the magistrate judge finds that there was no violation of procedural due process, and summary judgment should be granted to Defendants as to Plaintiff's due process claim. Id.

This Court may adopt the magistrate judge's findings and conclusions presented in the report that were not objected to so long as they are not clearly erroneous. See Thomas, 474 U.S. at 153. This Court's careful de novo review, as to the portions of the Report not

3

specifically objected to, confirms that the magistrate judge presented a cogent analysis and, thus, finds the magistrate judge's findings and conclusions are not clearly erroneous. Accordingly, this Court **ADOPTS** in full all portions of the magistrate judge's Report where no specific objection was raised.

### b. Defendants' Objections

Defendants object to the magistrate judge's recommendation to deny summary judgment as to Plaintiff's Eighth Amendment deliberate indifference claim against Melton. See Doc. No. 104. Defendants argue that the magistrate judge's report erred in two respects. First, Defendants argue that Plaintiff did not present sufficient evidence to demonstrate that Melton's refusal of prescribed medicine was the direct and proximate cause of Plaintiff's alleged injury. Id., pgs. 3–5. Second, Defendants contend that there is no triable issue of fact as to the objective or subjective elements of Plaintiff's deliberate indifference claim against Melton. Id., pgs. 5–8. For reasons discussed below, the Court will first analyze the latter.

i. Objective and Subjective Elements of Deliberate Indifference Claim

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). The second prong involves the subjective component. The prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S.

at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

### 1. Objective Element

Defendants agree with the general proposition advanced in the magistrate judge's report that "epilepsy is a serious medical need." Doc. No. 104, pg. 6. However, Defendants contend that Plaintiff has presented no evidence that "every single dose of anti-seizure medicine amounts to a serious medical need." Id. Furthermore, Defendants argues that it was improper for the magistrate judge to consider Plaintiff's previous missed doses because the claim arises solely from the single dose that Melton refused him. Id., pg. 7.

Defendants have conflated the objective element with the subjective element. To satisfy the objective element in a deliberate indifference claim Plaintiff need only show that he has a "serious medical need." See Escobar v. Smith, No. 2:12-CV-0773 GEB DAD, 2013 WL 6389034, at *3 (E.D. Cal. Dec. 6, 2013) (citing Farmer, 511 U.S. at 834) ("By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation."). The Ninth Circuit has held that a "serious medical need" is one that has been diagnosed by a physician as mandating treatment or that a reasonable doctor or patient would find important and worthy of comment or treatment. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337–41 (9th Cir.1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200–01 (9th Cir.1989). There is no dispute that Plaintiff was an epileptic, and was prescribed medication to treat his condition. See Doc. No. 59–3. The Court finds that a reasonable juror could conclude that plaintiff's epilepsy constituted an objectively serious medical need.

### 2. Subjective Element

Defendants argue that the magistrate judge incorrectly infers that Melton "had knowledge that the dose amounted to a serious need and that she nonetheless refused to provide him with it." Doc. No. 104, pg. 7. Defendants argue there is no evidence in the record to show that Melton was the individual responsible for reviewing and filling out Plaintiff's Medication Administration Record ("MAR"). Id. Defendants explain that nurses

5

responsible for administering Plaintiff's medicine are identified on the MAR for the month of July and Melton's name or initials do not appear on the sheet. Id. Defendants argue that this lack of evidence contradicts the magistrate judge's inference that Melton was required to fill out the MAR and therefore would have been aware of Plaintiff's numerous missed doses. Id. Defendants argue that the only evidence submitted by Plaintiff that Defendant Melton was even the nurse providing medicine on July 22, 2014 was his sworn testimony. Id. In his testimony, Plaintiff declared that he informed Melton that he "really needed [his epilepsy medicine] . . . because I felt [] dizziness, weakness, which [are] usually signs for a seizure coming up." Doc. No. 59 – 2, pgs. 8–9. Defendants contend this sworn statement is insufficient to raise a genuine issue of material fact because it is so inconsistent with the other evidence in the record. See Doc. No. 104, pg. 8 (citing Scott v. Harris, 550 U.S. 372, 380 (2007)).

As stated above, in order to satisfy the subjective component of deliberate indifference, the inmate must show that prison officials "kn[e]w [ ] of and disregard[ed]" the substantial risk of harm, but the officials need not have intended any harm to befall the inmate; "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 837, 842. The Ninth Circuit has held that this inquiry is extremely "fact-intensive and typically should not be resolved at the summary judgment stage." Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013) (citing Farmer, 511 U.S. at 842) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

Here, Plaintiff's testimony was that on July 22, 2014 he informed Melton of his symptoms, and that these symptoms typically proceed an impending seizure. See Doc. No. 59–2, pgs. 8–9. Plaintiff further alleges that Melton refused to provide him with his prescribed epilepsy medication because he was using a temporary paper identification

6

instead of the proper "plastic ID." Id. at pg. 11. In the early morning hours of July 23, 2014, Plaintiff alleges that he had a seizure, which caused bumps and cuts to his head and severe pain to his head and body. See Doc. No. 12, pg. 6. Based on this evidence, the magistrate judge found a triable issue of fact as to whether Melton "knew of and disregarded" the substantial risk of harm to Plaintiff by refusing his epilepsy medication. In addition, the magistrate judge specifically found that Melton was "considered to have notice of the missed doses during the relevant period" because of an "absence of evidence to the contrary." Doc. No. 103, pgs. 3–4. This Court disagrees with the magistrate judge's finding that Melton was aware of Plaintiff's prior missed doses. The evidence of record is that Melton was not identified on the MARS for the month of July, and therefore, the only reasonable inference is that she was not the individual responsible for reviewing and filling out Plaintiff's MARS. See Doc. No. 59–3, ex. 4. Defendants' objection as to that particular magistrate judge finding is **SUSTAINED**.

However, there is evidence, in the form of Plaintiff's deposition testimony, to support a reasonable inference that Melton was the individual dispersing medication on July 22, 2014. See Doc. No. 59–2, pgs. 8–9. As the magistrate judge noted, Defendants have submitted no evidence suggesting Melton was not the pill line nurse on the date alleged. Furthermore, Plaintiff's testimony is that he informed Melton that he was experiencing pre-seizure symptoms, and that he "really needed [his epilepsy medication]." Id. The Court finds that, even if Melton was unaware of Plaintiff's previous missed doses, a reasonable jury could determine that Melton was cognizant of the substantial risk of harm to Plaintiff by refusing him his epilepsy medication after she was informed that an epileptic episode was imminent. Defendants have submitted a medical opinion which asserts that missing a single dose of Keppra would be highly unlikely to cause a seizure. See Doc. No. 59–3. However, such evidence is irrelevant to this Court's inquiry into Melton's subjective state of mind because there is no evidence in the record to suggest Melton was aware of such a medical opinion at the time she refused Plaintiff his medication. Accordingly, the

7

Court finds a triable issue of fact concerning both the subjective and objective elements of Plaintiff's deliberate indifference claim against Melton.

## ii. Causation

In order for a prisoner to succeed on a constitutional tort claim, in addition to the specific elements of his § 1983 claim—here, a serious medical need and deliberate indifference towards it—he must also establish duty, breach of duty, causation, and damages. Valladares v. Hubbard, No. CV 07-0441-R PJW, 2011 WL 1456167, at *2 (C.D. Cal. Feb. 18, 2011), report and recommendation adopted, No. CV 07-0441-R PJW, 2011 WL 1429609 (C.D. Cal. Apr. 13, 2011) (citing Grossart v. Dinaso, 758 F.2d 1221, 1236 (7th Cir.1985) (Posner, J., dissenting) ("[C]ausation is as necessary in a constitutional-tort case as in an ordinary tort case.")). The Ninth Circuit has cautioned that "[c]ausation is generally a question of fact for the jury, unless the proof is insufficient to raise a reasonable inference that the act complained of was the proximate cause of the injury." Prosser v. Crystal Viking F/V, 940 F.2d 1535 (9th Cir. 1991) (citing Lies v. Farrell Lines, Inc., 641 F.2d 765, 770 (9th Cir.1981)).

Defendants argue that the expert opinion of Dr. Bennett Feinberg, M.D. ("Dr. Feinberg") forecloses any possibility that Melton's refusal of one dose of Keppra caused Plaintiff's alleged seizure. See Doc. No. 104, pg. 4. In his declaration Dr. Feinberg opines that it "is not possible to say to a reasonable degree of medical certainty that missing a single dose of Keppra on July 22, 2014 could have caused a seizure hours later that night, particularly given Plaintiff's history of noncompliance in taking his Keppra medi[c]ation." Doc. No. 59 – 3, ¶ 16. Dr. Feinberg further states that, "is my opinion that it is highly unlikely that missing a single dose of Keppra would cause a seizure in the manner Plaintiff alleges." Id.

First, the Ninth Circuit has previously explained that plaintiffs who have already demonstrated a triable issue of fact as to whether prison officials exposed them to a substantial risk of harm, and who actually suffered precisely the type of harm that was foreseen, will also typically be able to demonstrate a triable issue of fact as to causation.

Lemire, 726 F.3d at 1080–81 (citing White v. Roper, 901 F.2d 1501, 1505 (9th Cir.1990)). That is clearly the case here. Plaintiff has demonstrated a triable issue of fact that Melton exposed him to a higher risk of seizure by refusing him his epileptic medicine, and he suffered a seizure several hours later. Secondly, all evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. Here, based on the evidence presented a reasonable inference could be made that Plaintiff is aware of the symptoms that precede a seizure, and can accurately predict when he will have a seizure if he fails to receive his medicine. While Dr. Feinberg's opinion certainly casts doubt about such an ability, the Court must view the facts in the light most favorable to Plaintiff, the non-moving party. Of course, the "facts" viewed in this light may not be the facts ultimately found by the jury. Regardless, Defendants' objection that Plaintiff did not present sufficient evidence to demonstrate that Melton's refusal of prescribed medicine was the direct and proximate cause of Plaintiff's alleged injury is **OVERRULED**.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

9

# **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the report and recommendation are **ADOPTED** as amended;
2. Defendants' objections are **SUSTAINED in part** and **OVERRULED in part**, as set forth above;
3. Defendants' Motion for Summary Judgment [Doc. No. 59] is **DENIED** as to Plaintiff's Eighth Amendment claim against Melton;
    a. Defendants' Motion for Summary Judgment is **GRANTED** in all other respects.

**IT IS SO ORDERED.**

DATED: September 25, 2018

_____
JOHN A. HOUSTON
United States District Judge