UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, CDCR #AH-1995,<br><br>                       Plaintiff,<br>vs.<br>H. MELTON, et al.,<br><br>                       Defendants. | Case No.: 3:15-cv-02069-JAH-AGS<br><br>**ORDER GRANTING MOTION AND APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596**<br><br>[ECF No. 101] |

RAUL ARELLANO ("Plaintiff"), a prisoner proceeding *in pro se* and currently incarcerated at Richard J. Donovan Correctional Facility (RJD), in San Diego, California, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) on February 8, 2016, in this civil rights action which he has since been prosecuting on his own behalf pursuant to 42 U.S.C. § 1983.

I. **Procedural History**

On September 25, 2018, the Court adopted the Honorable U.S. Magistrate Judge Clinton Averitte's Report and Recommendation as amended, and granted in part and denied in part Defendants' Motion for Summary Judgment pursuant to FED. R. CIV. P. 56. (*See* ECF No. 103.) As a result, Plaintiff's Eighth Amendment inadequate medical care claims as to Defendant Melton, and as alleged in his First Amended Complaint (ECF No. 12), remain to be tried. (*See* ECF No. 103 at 8, 10.)

1

On May 25, 2017, Plaintiff filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1), but the Court deferred ruling on that Motion pending the outcome of Defendants' Motion for Summary Judgment. (*See* ECF No. 101.)

**II.   Appointment of Counsel**

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

While Plaintiff has so far demonstrated an ability to articulate his claims and to partially survive summary judgment while proceeding without counsel, his likelihood of success on the merits—at least with respect to his Eighth Amendment claims as to Defendant Melton—has increased as a result of the Court's September 25, 2018 Order. *Cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

Thus, in light of the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has requested volunteer pro bono counsel for purposes of representing Plaintiff for purposes of trial and during any further proceedings before the Court in this case under the provisions of this Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596.

The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. CAL. GEN. ORDER 596. Plaintiff qualifies for a pro

bono referral under the Plan because he is an indigent prisoner, and summary judgment had been partially denied. (*See* ECF No. 105.) Thus, finding that the ends of justice would be served by the appointment of pro bono counsel under these circumstances, the Court has referred Plaintiff's case to a volunteer attorney on the Court's Pro Bono Panel, and that volunteer has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court in this case. *See* S.D. CAL. GEN. ORDER 596.

### III. Conclusion and Order

For the reasons discussed, the Court **GRANTS** Plaintiff's Motion (ECF No. 101) and **APPOINTS** Joe J. Villasenor Esq., SBN 265703, P.O. Box 13685, La Jolla, California, 92037, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. CAL. CIVLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible and in light of Plaintiff's incarceration at RJD, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. CAL. CIVLR 83.3.f.1, 2.[1]

///

---

[1] Plaintiff is cautioned, however, that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit Plaintiff an attorney of his choosing, or guarantee him any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").

3

3:15-cv-02069-JAH-AGS

| | |
|---|---|
| 1 | The Court further **DIRECTS** the Clerk of the Court to serve Mr. Villasenor with a |
| 2 | copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3.f.2. |
| 3 | **IT IS SO ORDERED**. |
| 4 | |
| 5 | Dated: November 13, 2018 |
| 6 | Hon. John A. Houston |
| 7 | United States District Judge |